IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL NEWMAN,            )<br>                                             )<br>    Plaintiff,              )<br>                                             )<br>    v.                        )<br>                                             )<br>QSR SOUTHERN GROUP, LLC,  )<br>                                             )<br>    Defendant.             )<br>_____) | CIVIL ACTION NO. 5:24-cv-310 (MTT) |

## ORDER

Pro se Plaintiff Daniel Newman filed this action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. However, the Court does not have sufficient information to determine whether Newman is entitled to proceed IFP. Accordingly, no later than **October 8, 2024,** Newman **SHALL** supplement his IFP motion to clarify whether he received disability payments in the amount of $3,940.00 at varying intervals (e.g., monthly) within the past twelve months or if he received $3,940.00 in total. Failure to fully and timely comply with this Order may result in the dismissal of this action.[1]

## I. DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305,

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). To show poverty, the plaintiff need not show that she is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez*, 364 F.3d at 1307. However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citing *Startti v. United States*, 415 F.2d 1115 (5th Cir.1969)). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.1.

Newman's financial affidavit states that he is unemployed and receives $0.00 in monthly gross pay or take-home wages. Doc. 2 at 1. Newman claims the only source of income he has received in the past twelve months is "V.A. Disability pay" in the amount of $3,940.00. *Id*. But it is unclear if Newman received disability payments in the amount of $3,940.00 at varying intervals within the past twelve months or if he received $3,940.00 in total.[3] Newman claims that his only other financial assets include $175.00 in a checking or savings account and a vehicle worth approximately $15,000. *Id.* Newman also claims to have $12,000 in credit card debt. *Id.*

Accordingly, the Court does not have sufficient information to determine whether Newman is entitled to proceed IFP.

## II. CONCLUSION

No later than **October 8, 2024,** Newman **SHALL** supplement his IFP motion to clarify whether he received disability payments in the amount of $3,940.00 at varying intervals (e.g., monthly) within the past twelve months or if he received $3,940.00 in total. Newman is warned that failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 19th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Form A0 240 ("Application to Proceed in District Court without Prepaying Fees or Costs (Short Form)") simply asks the affiant to "describe each source of money" from a list of specified sources of income and, if applicable, to "state the amount received" in "the past 12 months." Doc. 2 at 1.