**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DANIEL NEWMAN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-cv-310 (MTT)** |
| **QSR SOUTHERN GROUP, LLC,** | ) | |
| **Defendant.** | ) | |

**ORDER**

On September 9, 2024, Plaintiff Daniel Newman filed a pro se complaint against Defendant QSR Southern Group, LLC, seeking monetary relief for alleged violations of his rights under Title III of the Americans with Disabilities Act ("ADA").[1] Doc. 1. Newman's claims arise from an incident that occurred on July 7, 2023, at a Church's Chicken location owned by QSR in Warner Robins, Georgia. *Id*. at 4. QSR has since moved to dismiss Newman's complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 8. For the following reasons, that motion (Doc. 8) is **DENIED** without prejudice. Given Newman's pro se status, he shall file a recast complaint within twenty-one days of the entry of this order to attempt to state a claim based on the incident referenced in the original complaint.

---

[1] Although not stated in the complaint, the defendant assumes that Newman is proceeding under Title III which prohibits discrimination by public accommodations, including businesses like restaurants or stores, against individuals with disabilities. 42 U.S.C. §§ 12181(7)(B), 12182(a).

## I. BACKGROUND

Newman alleges that on July 7, 2023, he entered the Church's Chicken restaurant in Warner Robins, Georgia, with his service dog. Doc. 1 at 4. Upon entering, Newman claims the manager made inappropriate remarks about the legitimacy of his service dog and accused Newman of disturbing other customers. *Id.* Newman claims that the manager's actions created a hostile environment, which left him with no choice but to leave the restaurant and call the police. *Id.* The entire incident was allegedly captured on video, which Newman asks the Court to review though he failed to provide the Court with a copy of the footage when he filed his complaint. *Id.* Based on these allegations, Newman seeks to recover $21 million dollars in compensatory damages under the ADA. *Id.* The entirety of Newman's allegations are pictured below:

**III. Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On 07-07-2023 around 17:45 (EST) I went to Church's Chicken that is located at 1801 Watson Blvd, Warner Robins, GA 31093 which is own by QSR Southern Group, LLC. I walk inside and the manager already started to make remarks about my service dog by saying it wasn't a service dog and then accuse me of upsetting her customers, and at this time since the manager created a very hostile environment i had no choice but to walk outside and call the police to. You can watch the viedo tape .

**IV. Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I' am seeking $21 million dollars for violation of my civil rights under the ADA OF 1990. How can you put a dollar amount on someone civil rights being violated just because someone don't like dogs or are afraid of dogs. Church's Chicken deny me the right to come in and buy food like the rest of the public does just because of my services dog and this is agaisnt the law. This is a violation of tha ADA.

Doc. 1 at 4.

This is the second time Newman has sought relief in this Court for the alleged events of July 7, 2023. On November 17, 2023, Newman filed a nearly identical complaint against Church's Chicken and an individual named Mrs. Lawrence*.* *Newman v. Church's Chicken*, No. 5:23-cv-00467-TES (M.D. Ga.). Newman's complaint alleged that an employee made remarks about his service dog, which led him to leave the restaurant and call the police to avoid a confrontation. No. 5:23-cv-00467-TES, Doc. 1 at 4. In that case, the Court screened Newman's complaint under 28 U.S.C. § 1915(e) and concluded that Newman failed to allege that he was denied full and equal enjoyment of the goods and services provided by Church's Chicken, as required by Title III of the ADA. No. 5:23-cv-00467-TES, Doc. 3 at 7. The Court gave Newman an opportunity to amend his Complaint by December 12, 2023, which he did not do. Id. at 7-9. The Court dismissed Newman's complaint without prejudice on December 18, 2023, pursuant to Federal Rule of Civil Procedure 41. No. 5:23-cv-00467-TES, Doc. 4 at 2.

Newman filed this action on September 9, 2024. Doc. 1. This time Newman paid the full filing fee. QSR has moved to dismiss Newman's complaint with prejudice, arguing Newman has repeatedly failed to allege facts supporting a prima facie case of disability discrimination. Doc. 8 at 4 ("Plaintiff has now had *three chances* (his 2023 Case, the opportunity to amend after this Court's November 21, 2023 Order, and present complaint) to plead facts that support a claim under Title III of the ADA, but has consistently failed to do so."). Alternatively, if the Court finds Newman has stated a claim, QSR asks the Court to dismiss his claim for monetary relief. *Id.* at 4, 6.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

### A. Failure to State a Claim

To state a claim under Title III of the ADA, Newman must allege (1) that he is a disabled individual; (2) that QSR owns, leases, or operates a place of public accommodation; and (3) that he was discriminated against because of his disability. *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)); *see also Kennedy v. Floridian Hotel, Inc*., 998 F.3d 1221, 1231 (11th Cir. 2021). Title III defines "discrimination" as, *inter alia*, denying an individual with a disability the opportunity "to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i). QSR argues Newman's complaint fails to state a claim because: (1) Newman fails to allege that he is an individual with a disability as defined by the ADA; (2) Newman fails to allege that he was denied full and equal enjoyment of the services of Church's Chicken based on his disability; and (3) Newman seeks monetary damages which are not available under Title III of the ADA. Doc. 8.

1. *Failure to Allege Disability*

The ADA defines a disability as a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1); see *Holton v. First Coast Serv. Options, Inc.*, 703 F. App'x 917, 921 (11th Cir. 2017). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). While Newman's

complaint references his use of a service dog, Newman does not allege any facts about his physical or mental health. Doc. 1 at 4. Instead, Newman attempts to provide evidence outside the pleadings to establish that he is a qualified individual with a disability. Doc. 11. Notwithstanding the deficiencies in his complaint, QSR concedes that Newman could seek leave to plead facts establishing that he is disabled within the meaning of the ADA based on these documents. Doc. 12 at 1 n.1.

*2. Failure to Allege Disability Discrimination*

QSR argues that Newman fails to allege that he was denied full and equal enjoyment of the services of Church's Chicken because his complaint states that he voluntarily left the restaurant. Docs. 8; 12 at 3-4. Title III of the ADA prohibits discrimination against individuals with disabilities in places of public accommodation, such as restaurants. *See* 42 U.S.C. §§ 12181(7)(E), 12182(a). The implementing regulations require places of public accommodation to allow "[i]ndividuals with disabilities ... to be accompanied by their service animals in all areas ... where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 C.F.R. § 36.302(c)(7). A "service animal" is defined, in relevant part, as any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104. The work or tasks performed by the dog "must be directly related to the individual's disability." *Id*. When it is not obvious what service an animal provides, only limited inquiries are allowed. 28 C.F.R. § 36.302(c)(6). Staff may ask two questions: (1) is the dog a service animal required

because of a disability, and (2) what work or task has the dog been trained to perform.[2] *Garneaux v. Kym Ventures LLC*, 2018 WL 8131765, at *6 (N.D. Ga. Sept. 6, 2018).

Newman alleges that he and his service dog visited Church's Chicken and that Newman left the restaurant due to the manager's comments regarding the legitimacy of his service dog. Doc. 1 at 4 ("[S]ince the manager created a very hostile environment [sic] i had no choice but to walk outside and call the police."). Newman's response also references a video allegedly showing a Church's Chicken manager saying she would not let his service dog inside. Docs. 1 at 4; 11 at 1. Accordingly, the Court cannot say, as QSR argues, that Newman's claim fails as a matter of law because he fails to allege discriminatory action.

*3. Unavailability of Monetary Damages*

The only form of relief available to plaintiffs suing under Title III of the ADA is injunctive relief. 42 U.S.C. § 12188(a); *see Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013). Title III does not permit monetary damages, which is the only relief Newman requests in his complaint. 42 U.S.C. § 12188(a). Accordingly, Newman fails to state a claim for monetary relief under Title III of the ADA.

**B. Dismissal with Prejudice**

QSR asks the Court to dismiss Newman's Complaint with prejudice because, according to QSR, Newman has "had three chances (his 2023 Case, the opportunity to amend after this Court's November 21, 2023 Order, and present complaint) to plead facts that support a claim under Title III of the ADA, but [he] has consistently failed to do

[2] Staff cannot ask about the person's disability, require medical documentation, require a special identification card or training documentation for the dog, or ask that the dog demonstrate its ability to perform the work or task. 28 C.F.R. § 36.302(c)(6).

so." Doc. 8 at 4. A pro se plaintiff, particularly one who has paid the filing fee, generally "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001); *Horton v. Gilchrist*, 128 F.4th 1221 (2025). Accordingly, the Court declines to dismiss Newman's complaint without first affording him the opportunity to amend his complaint in this case.

## IV. CONCLUSION

For the foregoing reasons, QSR's motion to dismiss Newman's complaint (Doc. 8) is **DENIED** without prejudice. Given Newman's pro se status, he shall file a recast complaint within twenty-one days of the entry of this order to attempt to state a claim based on the incident referenced in the original complaint.

**SO ORDERED**, this 20th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT