IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL NEWMAN,          ) | |
| )| |
| Plaintiff,      ) | |
| ) | |
| v.              ) | CIVIL ACTION NO. 5:24-cv-310 (MTT) |
| ) | |
| QSR SOUTHERN GROUP, LLC, ) | |
| ) | |
| Defendant.      ) | |

## ORDER

On September 9, 2024, Plaintiff Daniel Newman initiated this action by filing a pro se complaint against Defendant QSR Southern Group, LLC, seeking monetary relief for alleged violations of his rights under Title III of the Americans with Disabilities Act ("ADA") based on an incident that occurred on July 7, 2023, at a Church's Chicken location owned by QSR in Warner Robins, Georgia.  Doc. 1 at 4.  In response, QSR moved to dismiss Newman's complaint with prejudice because monetary damages are not available under Title III of the ADA and because Newman failed to allege that he was an individual with a disability as defined by the ADA or that he was denied full and equal enjoyment of the services of Church's Chicken based on his disability.  Doc. 8. The Court denied the defendant's motion without prejudice and granted Newman leave to file an amended complaint to attempt to state a claim based on the incident referenced in his original complaint.  Doc. 13.  Newman then filed an amended complaint (Doc. 16), and QSR again moved to dismiss the action with prejudice on April 21, 2025.  Doc. 17.  Newman filed a second amended complaint on May 1, 2025.  Doc. 19.  For the following reasons, the motion to dismiss (Doc. 17) is **GRANTED in part**.

## I. DISCUSSION

The entirety of the factual allegations in Newman's first amended complaint are pictured below.

>
> "Statement of Claim"                    Date: 04/07/2025
>
> Daniel Newman-v-QSR Southern Group, LLC
>
> Case#: 5:24-cv-00310-MTT
>
> On 07-07-2023 around 1745(EST). I went to Church's Chicken that is located at 1801 Watson Blvd. Warner Robins, GA 31093. As soon as I walked in Mrs. Lawrence look at me and said ,"that not a real services dog!" stuned, I immediately stop.
>
> Then , she walked to her office. I'am estimate about a minute or two she walk out of her office toward me again. Then she said," Your dog is upsetting my customers". She proceeded to walk away from me. While she was walking away, going toward her office, she continue to stare at me.
>
> I was stunned and humiliated by this hostile environment Mrs.Lawrence created. Because of Mrs. Lawrence's explosive hostility toward me I immediate went outside. I call the Police. Two Police Officers came. One Officer went inside. His body camera recorded Mrs.Lawrences Hostile attitude.
>
> During this entire episode my service dog was wearing his service vest. This vest is clearly marked with service dog identification. During this situation my anxiety was raised to a level that made my inside shake.
>
> It made me stress and very nervous. The reason I have my service dog is to help me cope with my anxiety and depression.

Doc. 16 at 6.  Based on these allegations Newman seeks $30 million in compensatory damages and no other form of relief.

On April 21, 2025, QSR moved to dismiss Newman's first amended complaint (Doc. 17), and, in response, Newman filed a second amended complaint (Doc. 19) on May 1, 2025. *See* Fed. R. Civ. P. 15. Newman's second amended complaint is a copy of the Court's standard form labeled "Complaint for Violation of Civil Rights (Non-Prisoner)." Doc. 19. It does not contain any factual allegations and simply states "see all exhibits that are attach[ed]," which include a letter from Newman to the Court and various documents regarding Newman's entitlement to VA disability benefits. Docs. 19 through 19-4. The entirety of Newman's letter to the Court is pictured below:



Doc. 19. QSR argues that this document fails to address the deficiencies in Newman's allegations, including his continued request for monetary damages, which are not allowed under Title III of the ADA. Doc. 20.

3

Notably, this is the second action in which Newman has sought relief in this Court for the alleged events of July 7, 2023.  On November 17, 2023, Newman filed a nearly identical complaint against Church's Chicken and an individual named Mrs. Lawrence. *Newman v. Church's Chicken*, No. 5:23-cv-00467-TES (M.D. Ga.).  Newman's complaint alleged that an employee made remarks about his service dog, which led him to leave the restaurant and call the police to avoid a confrontation.  No. 5:23-cv-00467-TES, Doc. 1 at 4.  In that case, the Court screened Newman's complaint under 28 U.S.C. § 1915(e) and concluded that Newman failed to allege that he was denied full and equal enjoyment of the goods and services provided by Church's Chicken, as required by Title III of the ADA.  No. 5:23-cv-00467-TES, Doc. 3 at 7.  The Court gave Newman an opportunity to amend his Complaint by December 12, 2023, which he did not do.  *Id.* at 7-9.  The Court dismissed the action without prejudice on December 18, 2023, under Federal Rule of Civil Procedure 41.  No. 5:23-cv-00467-TES, Doc. 4 at 2.

Newman filed this action on September 9, 2024.  Doc. 1.  QSR now asks the Court to dismiss Newman's amended complaints with prejudice, arguing Newman has repeatedly failed to allege facts supporting a prima facie case of disability discrimination.  Docs. 17; 20; *compare* Doc. 8 at 4 ("Plaintiff has now had three chances (his 2023 Case, the opportunity to amend after this Court's November 21, 2023 Order, and present complaint) to plead facts that support a claim under Title III of the ADA, but has consistently failed to do so.").  The Court agrees that both the first and second amended complaints fail to state a claim for monetary relief under Title III of the ADA and Newman has not sought any other relief.  42 U.S.C. § 12188(a); *see Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

4

There are also no allegations that would entitle Newman to relief under O.C.G.A. §§ 30-4-2 to 4-4.  *See Munn v. CPI Images, L.L.C.*, 2010 WL 11519634, at *2 (N.D. Ga. Nov. 3, 2010), ("The law imposes criminal penalties on persons who violate O.C.G.A. § 30-4-2, but it does not grant persons injured by such violations a private civil cause of action."), *aff'd sub nom. Munn v. CPI Images, LLC*, 440 F. App'x 723 (11th Cir. 2011); *see also Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) ("[S]ection 30–4–2 …[does not] provide[] an individual with a civil cause of action for its violation."); *Wheeler v. Wal-Mart Stores E., LP*, 2016 WL 4223693 (S.D. Ga. Aug. 9, 2016) ("O.C.G.A. § 30-4-2(a) … is limited by and affords no greater protection than the generally applicable terms of Title III.  Because Plaintiff fails to make out any plausible Title III [claim] … his claim pursuant to any state-law counterpart would similarly fail at this stage.").

Accordingly, because Newman has been given ample opportunity to amend and has repeatedly failed to state a claim, the defendant's motion to dismiss this action for failure to state a claim is **GRANTED**, but the motion to dismiss the action with prejudice is **DENIED**, and the action is hereby dismissed without prejudice

**SO ORDERED**, this 9th day of June, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
